**Charles CHAFFER, Plaintiff–Appellant,**

v.

**BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF LONG BEACH, Defendant–Appellee.**

No. 02–9488.

United States Court of Appeals, Second Circuit.

Sept. 4, 2003.

William D. Friedman, Hempstead, NY, for Plaintiff–Appellant.

Warren H. Richmond, Ingerman Smith L.L.P. (Christopher Venator, on the brief), Northport, NY, for Defendant–Appellee.

PRESENT: MESKILL, MINER, and STRAUB, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Charles Chaffer ("Chaffer") appeals from the November 12, 2002 judgment of the United States District Court for the Eastern District of New York (William G. Young, *Judge*),* granting defendant's motion for summary judg-

* The Honorable William G. Young, Chief Judge of the United States District Court for District

ment and dismissing plaintiff's constitutional claims.

Chaffer alleges that defendant school board ("school board") violated his due process rights by terminating his employment as a groundskeeper for taking excessive absences from work. Although it is undisputed that Chaffer was absent from work for a total of 87.5 days between June 1, 1997 and November 30, 1998, the school board paid Chaffer for all but one half-day of the accumulated absences as sick leave or other authorized leave under the collective bargaining agreement ("CBA") governing Chaffer's employment. Chaffer argues that his absences could not be "excessive," because the CBA places no limit on the amount of paid, authorized leave that an employee may take.

After he was formally charged with incompetency and misconduct pursuant to N.Y. Civ. Serv. Law § 75, Chaffer participated in a hearing where he was permitted to submit documentary evidence in his own defense and cross-examine the school board's witnesses. At the conclusion of the hearing, the independent hearing officer issued a report, sustaining all charges and recommending that Chaffer be dismissed from employment. The hearing officer's report was later submitted to the school board which voted to dismiss Chaffer without granting him an additional opportunity to respond to the hearing officer's recommendation.

Chaffer did not choose to challenge his dismissal though an Article 78 proceeding in state court. See N.Y. C.P.L.R. § 7801 et seq. Instead, Chaffer filed this present action pursuant to 42 U.S.C. § 1983, asserting various constitutional claims. For the reasons set forth by the District Court, we agree that summary judgment was properly granted as Chaffer has failed to demonstrate any potential violation of his constitutional rights.

■■■ To briefly summarize, after providing a pre-termination hearing, the school board had no due process obligation to provide Chaffer with an additional opportunity to rebut the hearing officer's report before dismissing him from employment. See Lucurto v. Safir, 264 F.3d 154, 171 (2d Cir.2001) ("When [ ] a public employee is terminated, procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards"). Moreover, to the extent that Chaffer alleges that the school board violated N.Y. Civ. Serv. Law § 75 in terminating his employment, Article 78 provides an adequate post-deprivation remedy sufficient to satisfy procedural due process requirements. See id. at 173–75.**

In addition, Chaffer's employment dispute with the school board does not give rise to a substantive due process claim, as "the substantive component of the Due Process Clause does not provide a remedy to a public employee that would not be available to a private employee subject to identical conduct by his employer." McClary v. O'Hare, 786 F.2d 83, 89 (2d Cir.1986).

Accordingly, the judgment of the District Court is hereby AFFIRMED.

---

of Massachusetts, sitting by designation.

** As we explained in Locurto, the availability of a post-termination Article 78 proceeding where a public employee has been provided with notice and a pre-termination hearing provides adequate due process protection regardless of whether the alleged misconduct is "random and unauthorized." Id. at 172–73, 175.